# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:11cv37

| | | |
|---|---|---|
| **THOMAS L. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **MARTHA H. CURRAN; DAVID G.** | ) | |
| **MANSEAU; R. HARCOURT** | ) | |
| **FULTON; THE HONORABLE** | ) | |
| **ALBERT DIAZ; and THE** | ) | |
| **HONORABLE RICHARD D. BONER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's

(1)    Motion to Amend Complaint (#14);

(2)    Motion to Amend and Clarify Complaint (#16); and

(3)    Motion Pursuant to LCVR 7.1(A) and LCVR 5.2(C).(#19)

As reflected in the state defendants' Motion to Dismiss (#17), such defendants

have considered plaintiff's February 16, 2011, Motion to Amend Complaint (#14) to

be a unilateral amendment of the Complaint as such is clearly allowed under Rule

15(a)(1), Federal Rules of Civil Procedure, inasmuch as it was filed before any

defendant answered or moved to dismiss.  To the extent plaintiff seeks affirmative

relief from the court in his Motion to Amend Complaint (#14), the relief sought will be denied and the proposed amendments contained in such motion will be considered plaintiff's Amended Complaint.

Two days after filing his Motion to Amend Complaint (#14), plaintiff filed his Motion to Amend and Clarify Complaint (#16). Unlike the first motion, this motion comes after a first amendment, making Rule 15(a)(2) applicable, which provides that "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Review of the proposed amendments, which appear to be contained in the motion itself, reveals little more than conclusory contentions that are incoherent and would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). The motion will be denied.

Finally, plaintiff has filed a Motion Pursuant to LCVR 7.1(A) and LCVR 5.2(C) (#19), which borders on contempt as it accuses this court of criminal conduct in its routine handling of this civil action. Plaintiff is strongly advised that words have both meaning and consequences, and that pleadings such as what he has now presented may well form the basis for a finding of civil contempt. If plaintiff believes that a decision of a tribunal is wrong, he may appeal that decision as provided by law. Where a person does not understand the rules being applied, the default response

should not be to attack the court as such decreases public confidence. As such

pleading contains matters clearly prohibited by Rule 12(f), plaintiff's instant motion

will be stricken and plaintiff advised that the correct method for challenging a non-

dispositive ruling of a United States Magistrate Judge is found in Rule 72, which

provides as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a). Plaintiff is advised, however, that unjustified attacks on the

integrity of the court by litigants are simply not tolerated at any level of the federal

court system, and that plaintiff should be mindful of making unfounded accusations

in pleadings filed in federal court.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's

(1)    Motion to Amend Complaint (#14) is **DENIED** without prejudice as

non-justiciable, and the amendments contained in such motion are

**DEEMED** to be plaintiff's Amended Complaint as they were submitted

within the time allowed by Rule 15(a)(1);

(2)    Motion to Amend and Clarify Complaint (#16) is **DENIED** based on futility of amendment; and

(3)    Motion Pursuant to LCVR 7.1(A) and LCVR 5.2(C) (#19) is **STRICKEN** in accordance with Rule 12(f).

Signed: March 9, 2011

Dennis L. Howell
United States Magistrate Judge