IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv37

| | |
|---|---|
| THOMAS L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MARTHA CURRAN, et. al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court are Defendants' Motions to Dismiss [# 17 & # 20]. This action arises out of the refusal of the Superior Court Clerk to enter a default judgment in an action Plaintiff brought in Superior Court. Plaintiff, who is proceeding *pro se*, contends that Defendants conspired to refuse to grant his motion for entry of default and motion for default judgment in violation of the United States Constitution and a myriad of federal statutes. He asks this Court to "honor" these motions and award Plaintiff damages against each Defendant. Defendants move to dismiss the Amended Complaint in its entirety. The Court **RECOMMENDS** that the District Court **GRANT** Defendants' motions.

   **I.   Background**[1]

---

[1] The Court takes the factual background from Plaintiff's Complaint and Amended Complaint. Although an amended complaint typically supercedes the original complaint

-1-

In 2010, Plaintiff brought an action against the City of Charlotte, the Charlotte Mecklenburg Police Department, and Officer James A. McCarty (the "State Court Defendants") in the Superior Court of Mecklenburg County, North Carolina. (Pl.'s Am. Compl. at p. 2; Ex. 13 to Pl.'s Compl.)  Subsequently, the State Court Defendants moved to dismiss the Complaint. (Pl.'s Am. Compl. at p. 2.) Defendant R. Harcourt Fulton, Senior Assistant City Attorney, represented the State Court Defendants in the proceedings before the Superior Court. (Pl.'s Compl. at p. 7; Ex. 13 & 26 to Pl.'s Compl.)  After holding a hearing, Judge Forrest D. Bridges granted in part and denied in part the motion to dismiss, allowing three of Plaintiff's claims to proceed. (Pl.'s Am. Compl. at p. 2.)

Shortly thereafter, Plaintiff received a Clean-Up Calender Notice from the Superior Court setting a hearing based on the purported failure of the State Court Defendants to file an answer. (Id.) Approximately two days after the Superior Court ruled on the motion to dismiss, Plaintiff filed a motion for entry of default. He then filed a motion for default judgment. (Id. at p. 3.) Defendant Martha Curran, the Court Clerk for the Superior Court of Mecklenburg County, and Defendant David Manseau, the Assistant Clerk for the Superior Court of Mecklenburg County, did not enter

---

rendering it void of any legal significance in the case, <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 572 (4th Cir. 2001), the Court will consider the combined allegations in the two pleadings because Plaintiff is proceeding *pro se*.

Plaintiff's two motions. (Id.) Defendant Manseau informed Plaintiff in writing that it would not act on Plaintiff's motions. (Ex. 20 to Pl.'s Compl.) Judge Richard D. Boner then canceled the hearing. (Pl.'s Am. Compl. at 3.)

Meanwhile, the State Court Defendants filed their Answer, which Plaintiff moved to strike. (Ex. 28 to Pl.'s Compl.) Defendant Judge Albert Diaz denied Plaintiff's motion to strike, holding that the State Court Defendants timely filed their Answer and that there was no basis for striking the Answer. (Ex. 27-29 to Pl.'s Compl.) In addition, Judge Diaz held that the Clerk properly determined that the entry of default was not proper in the case, and that the notice suggesting that the State Court Defendants might be in default was improperly sent to Plaintiff. (Id.) This action ensued.

Plaintiff brought this action against Defendants for their roles in refusing the entry of his motions for default and default judgment. Plaintiff alleges that Defendants conspired together to violate the United States Constitution and a number of federal statutes in denying these motions and refusing to enter default judgment against the State Court Denfedants. In addition to monetary damages, Plaintiff requests that this Court honor his motions. Finally, Plaintiff states that if the Defendants will reconsider their actions and allow his motions in Superior Court, he will reconsider his decision to bring this action. Defendants move to dismiss the

Amended Complaint in its entirety pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court informed Plaintiff of the nature of the motions to dismiss and directed Plaintiff to file a response to these motions. Plaintiff complied with the Court's Order. Accordingly, Defendants' motions are now properly before the Court.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the

elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S.

379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R.Civ. P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of

> law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69.

### III. Analysis

Defendants contend that the Court lacks subject matter jurisdiction over this dispute pursuant to the Rooker-Feldman doctrine. This doctrine is the namesake of two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983). The Rooker-Feldman doctrine precludes federal district courts from exercising appellate jurisdiction over final state-court judgments. See Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198 (2006); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291, 125 S. Ct. 1517 (2005). The doctrine is based on the fact that only the United States Supreme Court has jurisdiction to review state court decisions. Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006). It is a narrow doctrine limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon, 544 U.S. at 284, 125 S. Ct. 1517. For the

doctrine to apply, the plaintiff must challenge a state-court decision. Davani v. Virginia Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006). "In other words, the doctrine applies 'where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.'" Adkins, 464 F.3d at 464 (quoting Lance, 546 U.S. at 466, 126 S. Ct. 1198).

This case represents precisely the limited circumstance in which the Rooker-Feldman doctrine applies. See Davani, 434 F.3d at 718-19; see also Patterson v. Richstad, No. 0:09-2051, 2010 WL 793692 (D.S.C. Mar. 5, 2010). Plaintiff asks this Court to honor his motions and enter default judgment against the State Court Defendants. (Pl.'s Compl. at p. 3.) Although Plaintiff couches his claims in terms of conspiracy and constitutional violations, his Amended Complaint seeks appellate review of the Superior Court's refusal to enter default and grant his motion for default judgment. In short, he challenges an unfavorable state-court decision. This Court lacks subject matter jurisdiction over such claims. Exxon, 544 U.S. at 284, 125 S. Ct. 1517. As the Rooker-Feldman doctrine makes clear, a federal district court may not serve as a defacto appellate court for the unhappy state court litigant and determine whether the state court rightly or wrongly decided the matter before it. Id. Rather, Plaintiff's remedy lies with the North Carolina appellate courts and the United States Supreme Court. Accordingly, the Court

**RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss [# 17 & # 20].

Morever, even if the Rooker-Feldman doctrine did not deprive the Court of jurisdiction over this dispute, the monetary claims against Judges Diaz and Boner would be barred by the doctrine of judicial immunity. Judicial immunity shields judges from civil liability for acts stemming from the exercise of their judicial authority, even if the acts are done improperly. Dean v. Shirer, 547 F.2d 227, 230-31 (4th Cir. 1976); Mullins v. Oakley, 437 F.2d 1217, 1218 (4th Cir. 1971) ("The law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."); see also Johnson v. Thomas No. 4:10cv151, 2011 WL 1344008, at *6 (E.D.N.C. Apr. 8, 2011); Miller v. U.S. Dep't of Housing and Urban Dev., No. 1:05cv01045, 2006 WL 2504834, at *2 (M.D.N.C. Aug. 29, 2006). Because Plaintiff's claims are based on acts taken by Judges Diaz and Boner while exercising their judicial authority over a dispute for which they had subject matter jurisdiction, they are entitled to judicial immunity as to all monetary claims asserted by Plaintiff. See Dean, 547 F.2d at 231.

Similarly, judicial immunity or quasi-judicial immunity shields Defendants Curran and Manseau from suit for the actions they performed in their role as state judicial officers in refusing to enter default judgment against the State Court

Defendants. See Lundahl v. Zimmer, 296 F.3d 936, 939-40 (10th Cir. 2002) (holding that court clerks entitled to judicial immunity for claims stemming from their decision to refer applications for entry of default judgment to the judge presiding over the case); see also Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992); Miller v. U.S. Dep't of Housing and Urban Dev., No. 1:05cv01045, 2006 WL 2504834, at *2 (M.D.N.C. Aug. 29, 2006); Patterson, 2010 WL 793692; Sykes v. Huggins, No. 4:08-03937, 2009 WL 250103, at *3 (D.S.C. Jan. 29, 2009); Briggman v. Virginia, 526 F. Supp. 2d 590, 602 (W.D. Va. 2007); Willner v. Frey, 421 F. Supp. 2d 913, 925-26 (E.D. Va. 2006). Plaintiffs allegations against Defendants Curran and Manseau stem from the performance of their roles as judicial officers in refusing to enter default and default judgment in the state court action. As such, they are entitled to quasi-judicial immunity as to the claims for monetary relief asserted by Plaintiff.

Finally, Plaintiff fails to state a claim against Defendant Fulton, the attorney who represented the State Court Defendants in the Superior Court. Although Plaintiff sets forth a laundry list of wrongs allegedly committed by Defendant Fulton, including forgery, mail fraud, obstruction of justice, tampering with evidence, conspiracy, abuse of process, perjury, and corruption, neither the Complaint nor the Amended Complaint contains any factual allegations supporting

any claim against Defendant Fulton. Plaintiff's pleadings fail to set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. Accordingly, the claims against Defendant Fulton are subject to dismissal.

IV.     Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss [# 17 & # 20] and **DISMISS** the Amended Complaint.

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation

contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

    Signed: May 18, 2011

*[signature]*

Dennis L. Howell
United States Magistrate Judge