# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-37-RJC-DLH

| | |
|---|---|
| THOMAS L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MARTHA CURRAN, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendants Martha Curran, David Manseau, Hon. Albert Diaz, and Hon. Richard Boner's ("Judicial Defendants") Motion to Dismiss, (Doc. No. 17), Defendant R. Harcourt Fulton's ("Fulton") (collectively with the Judicial Defendants "Defendants") Motion to Dismiss, (Doc. No. 20), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that this Court grant Defendants' motions, (Doc. No. 39). Plaintiff Thomas L. Jones ("Plaintiff") has also filed a myriad of motions. See (Doc. Nos. 25; 26; 27; 28; 34; 35; 36; and 37).

I.  **BACKGROUND**

Charlotte-Mecklenburg police officers arrested Plaintiff and his wife for attempting to prevent them from arresting the couple's grandson. (Doc. No. 17-1 at 1). Plaintiff brought suit in state court against the City of Charlotte and the arresting officers for assault and battery, false imprisonment, and unconstitutional conduct. (Id. at 1-2); see also (Doc. Nos. 1 at 34-35). The defendants moved to dismiss that case, and did not file an answer until after the court partially denied their motion. (Doc. No. 1 at 43-47). Plaintiff twice moved for entry of default and

default judgment.  (Id. at 25-31).  Both times, the Clerk of Court, Martha Curran, told Plaintiff that she would not act on his motions.  (Id. at 49).  Plaintiff then moved to strike the defendants' answer as untimely.  (Id.).  Judge Diaz denied Plaintiff's motion, finding that defendants served their answer within 20 days of the court's ruling on their motion to dismiss.  (Id.) (citing NORTH CAROLINA RULE OF CIVIL PROCEDURE 12(a)(1)).

Plaintiff then brought suit in this court against Judge Diaz, Chief Judge Boner, Curran, her assistant Manseau, and the city solicitor, Harcourt, for damages stemming from their failure to enter default judgment in his favor.  (Id. at 1-18).  Plaintiff has couched that principal allegation in terms of, *inter alia*, a "Breach [sic] the Oath of Office," "obstruction of Justice," "Corruption," "Mail Fraud," "Conspiracy," and even an allegation that Defendants belong to the same group that "conquered Germany and kill [sic] multiples [sic] races of human beings with premeditated malice."  (Id.).  But all of Plaintiff's claims center around Defendants' failure to grant his motions for default.  (Id.).

## II.    STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).  Here, however, Plaintiff has objected to every portion of the Magistrate Judge's M&R, (Doc. Nos. 40; 41), and Court reviews the Magistrate Judge's decision de novo.

2

Where, as here, a party contends "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based . . . the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. ANALYSIS

Federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v.

Feldman, 460 U.S. 462, 482-83 (1983). The Supreme Court has recently warned that this Rooker-Feldman doctrine occupies narrow ground. Exxon Mobil, 544 U.S. at 284. But this case fits squarely within those narrow confines. Jones lost his motions for default and default judgment in state court and complains that those decisions caused him damages. (Doc. No. 1 at 4-5).

> [I]t was the province and duty of the state courts to decide [whether default judgment was in order]; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication.

Rooker, 263 U.S. at 415. Only the Supreme Court can "entertain a proceeding to reverse or modify the judgment for errors of that character." Id. at 416; see also Feldman, 460 U.S. at 482 ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings"). Jones's suit invites this Court to reverse the judgment of a state trial court. The only federal court capable of entertaining such a suit is the Supreme Court of the United States.

## IV. CONCLUSION

This court lacks subject matter jurisdiction and does not reach the merits of Defendants' 12(b)(6) contentions.

**IT IS, THEREFORE, ORDERED** that:

1. The Judicial Defendants' Motion to Dismiss, (Doc. No. 17), is **GRANTED**;

2. Fulton's Motion to Dismiss, (Doc. No. 20), is **GRANTED**;

3. Plaintiff's motions, (Doc. Nos. 25; 26; 27; 28; 34; 35; 36; and 37), are **DISMISSED as moot.**

4. Plaintiff's Verified Complaint with Appendix, (Doc. No. 1), is **DISMISSED**.

Signed: September 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge